# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BRANDI GAIL FLEMING**                                                   **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 4:22-cv-132-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for period of disability and disability insurance. The parties have consented to entry of final judgment by the United States Magistrate Judge, with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be and is hereby **AFFIRMED.**

### Statement of the Case

Plaintiff, Brandi Gail Fleming, protectively filed an application in the present matter on September 29, 2020. The application was denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing. The ALJ, Edward M. Starr, issued an Unfavorable Decision in this cause on November 26, 2021.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 18, 2020. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: major joint disorder; diabetes mellitus; asthma; depression; and trauma-related disorder. At step three, the ALJ found that none of Plaintiff's impairments, either

alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then found that claimant has the RFC to:

> Sedentary work as defined in 20 CFR 404.1567(a) except occasionally climb, balance, crawl, kneel, stoop, or crouch, frequent fingering and handling bilaterally; she is limited to simple, routine, repetitive tasks, can occasionally interact with coworkers and the public and she can respond to supervision that is simple, direct, and concrete.

Tr. 17-22.

At step four, the ALJ found that the Plaintiff was unable to perform her past relevant work as a secondary school teacher. Tr. 22. The Plaintiff had at least a high school education. At step five, the VE testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as optical goods worker (DOT 713.684-038), unskilled, sedentary; final assembler (DOT 713.687-018), unskilled, sedentary; and document preparer (DOT 249.587-018), unskilled, sedentary.[1]

Thus, the ALJ found the Plaintiff not disabled. Plaintiff appealed, and the Appeals Council issued an Order affirming the decision on June 22, 2022, thereby making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

**Discussion**

Plaintiff raises two issues: (1) whether the ALJ erred in his analysis of the medical opinions; and (2) whether the ALJ erred in his analysis of Plaintiff's upper extremity impairments.

---

[1] The Commissioner's brief recognizes that the ALJ mistakenly notes these are "light" exertional jobs, but the VE testified, and the DOT concurs, that these jobs are performed at the "sedentary" exertional level. Tr. 45-46.

The undersigned finds no reversible error as to the first issue. Plaintiff argues that the ALJ erred in his analysis of the medical opinion of Rosha Horton by using meaningless boilerplate language and failing to sufficiently explain his consideration of the supportability and consistency factors. The ALJ stated in relevant part with respect to the medical opinion(s) of Rosha Horton in this case:

> Rosha Horton, an individual identifying themselves as a "County Admin" opined the claimant experienced extreme limitations. The claimant stated, however, that she did not know this individual and there is no evidence in the record to support that this individual is a healthcare professional/provider of any kind. The objective medical evidence discussed previously, moreover, does not contain findings to support the extreme limitations opined by this individual, nor is their opinion consistent with those of the State Agency consultants. Accordingly, the undersigned finds the opinions of the State Agency consultants persuasive and those of "County Admin" Rosha Horton unpersuasive. (Exhibits C7A, C9A, C5E, C6F, C10F).

Tr. 21.

The Fifth Circuit has noted that "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Therefore, the ALJ is only required to provide enough discussion of the evidence to allow for "meaningful judicial review." *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). The undersigned has also denied a request for remand where the Plaintiff alleged that the ALJ did not provide an explicit discussion of the facts of supportability and consistency, but it was evident from the totality of the ALJ's decision that he properly considered these factors. *Cox v. Comm'r of Soc. Sec.*, 2022 WL 834294, at *3-4 (N.D. Miss. 2022).

In this case, the undersigned does not find merit in Plaintiff's argument because while the ALJ may not have explicitly used the "magic words" of "supportability" and "consistency," he provided a reasoned explanation as to why he did not find Ms. Horton's opinion to be persuasive.

The ALJ reasoned that "[t]he claimant stated, however, that she did not know this individual and there is no evidence in the record to support that this individual is a healthcare professional/provider of any kind." Tr. 21. Notably, 20 C.F.R. § 404.1527(c) states that the relevant factors for consideration of medical opinions include length of treatment relationship and frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and "other factors." As the Commissioner noted in her brief:

> Plaintiff points to two records signed by Ms. Horton (Tr. 509 (May 2020), 582 (June 2021)), these records were also signed by Melissa Peacock, LPC, indicating Ms. Horton may not have provided medical care. *See id.* Moreover, of note, the first record was for treatment *prior to* the relevant period, while the second is for treatment *after* the relevant period ended. Tr. 509, 582. Plaintiff also testified she did not know who "Rosha Horton" was. Tr. 21, 42-43. It is not clear that Ms. Horton provided any care (medical or administrative) to Plaintiff during the relevant period (June 2020 through December 2020), and the ALJ properly questioned the value of her November 2020 opinion.

Def's Br. [15] at 5-6. During the hearing, the ALJ specifically questioned Plaintiff regarding Ms. Horton and what her relationship was to Plaintiff. Plaintiff stated, "I don't know her." Tr. 43. Plaintiff stated that she had seen Wanda Price and Charles Small at Life Help, and visits Life Help anywhere from once a month to once every two weeks. *Id.*

Furthermore, the ALJ stated that "The objective medical evidence discussed previously, moreover, does not contain findings to support the extreme limitations opined by this individual, nor is their opinion consistent with those of the State Agency consultants." Tr. 21. The term "objective medical evidence" is not meaningless boilerplate language when it refers to the ALJ's analysis of the Plaintiff's relevant medical records in the previous three pages of the opinion. Tr. 18-20.

Plaintiff argues in her brief that Ms. Horton "is clearly employed by Life Help/Region 6 as the request for the assessment was addressed to Reg 6 MHC/Life Help." Pl's Br. [14] at 6; citing

4

Tr. 531. Here, the Court finds that any error is meaningless, and that substantial evidence supports the ALJ's decision to find Ms. Horton's opinion, which included extreme limitations, unpersuasive.

As to the second issue and whether the ALJ erred in his analysis of Plaintiff's upper extremity impairments, the Court is unpersuaded by Plaintiff's argument that res judicata required this ALJ to limit Plaintiff to occasional reaching, handling, and fingering with the left upper extremity. The earlier ALJ decision related to a different time period (August 12, 2017, through June 17, 2020) than the time period before the present ALJ. (June 18, 2020, through December 31, 2020). Each final decision of the Commissioner is reviewed as a separate piece of litigation. *Frizzell v. Sullivan*, 937 F.2d 254, 256-57 (5th Cir. 1991) (citing *Sullivan v. Finklestein*, 496 U.S. 617, 625 (1990)).

Ultimately, plaintiff bears the burden of establishing that a specific diagnosed condition imposes actual exertional or nonexertional limitations. *Vereen v. Barnhart*, 2005 WL 3388139, at *5 (W.D. Tex. 2005). Here, Plaintiff directs the Court to consider the record at Tr. 555 (a June 3, 2021, record noting a "slight tremor left upper extremity" but still with normal muscle tone and strength and "intact" fine motor movements) and at Tr. 527 (a September 28, 2020, record citing Plaintiff's complaint of decreased grip strength and morning numbness). The first record, Tr. 555, is dated six months after the relevant period. The second record, dated September 28, 2020, was acknowledged by the ALJ at Tr. 19, and, despite Plaintiff's subjective complaints, showed "normal" objective findings for her musculoskeletal and neurological examinations. Tr. 528. Considering the evidence as a whole, the undersigned is unable to find that the ALJ erred when he ultimately determined that during the relevant period, Plaintiff was limited to frequent fingering and handling bilaterally.

5

## Conclusion

For the reasons stated above, the Commissioner's decision is hereby **AFFIRMED.**

**THIS**, the 17th day of March, 2023.

/s/ Jane M. Virden
United States Magistrate Judge
